UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Case No. 2:21-cv-05076-EAS-KAJ : |
| v. | : : |
| AMERICARE HEALTHCARE SERVICES, INC. and DILLI ADHIKARI, | : JUDGE EDMUND A SARGUS, JR. : : : : |
| Defendants. | : |

## STIPULATED AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), files this Stipulated Amended Complaint to correctly identify Defendant Americare Healthcare Services, Inc. and add one factual allegation. Americare Healthcare Services, Inc. replaces Americare Health Services, LLC as a defendant in this litigation. Defendants have stipulated in writing to this amendment.

Plaintiff brings this action to enjoin Americare Healthcare Services, Inc., a corporation, and Dilli Adhikari, individually and as owner, officer, and manager of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of

Defendants who worked in Ohio pursuant to the Act and an equal amount due to the employees of Defendants who worked in Ohio in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Americare Healthcare Services, Inc. ("Americare") is a corporation with its headquarters located at 1279 East Dublin-Granville Road, Columbus, Ohio 43229. Americare is a domestic homecare business operating within the jurisdiction of this Court.

4. Defendant Dilli Adhikari ("Adhikari") is the Chief Executive Officer and owner of Americare. Adhikari directed employment practices within Ohio and has directly or indirectly acted in the interest of Americare in relation to its employees within Ohio at all relevant times herein, including supervising employees, hiring and firing employees, setting their work schedules, and setting their pay rates.

5. Adhikari has acted directly or indirectly in Americare's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

6. Defendants employ persons in Ohio in domestic service for profit, which affects interstate commerce per Section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). Americare employed employees as direct care workers ("DCWs") or caregivers (collectively, "employees") and those employees provide in-home care services to Americare's clients.

7. At all times relevant herein, Americare has employed, and is employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce. Further, at all times relevant herein, Americare had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

9. For example, during the time period from at least March 17, 2017 through May 31, 2020, Defendants failed to compensate certain of their employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, many employees worked in excess of fifty hours per workweek.

10. Defendants paid employees at established regular hourly rates of pay for overtime hours worked. In certain workweeks, Defendants paid these employees at their straight time regular rate for all hours worked, including those in excess of forty per workweek. During these workweeks, Defendants paid employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

11. In other workweeks in which certain employees worked in excess of forty hours per workweek, Defendants reduced employees' regular hourly rates, which caused these employees' overtime premium rates to fall correspondingly. During these workweeks, Defendants manipulated these employees' regular rates such that they always received the equivalent regular rate for all hours worked, including hours worked over forty.

12. Defendants knew or recklessly disregarded their obligations to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. For example, Defendants intentionally manipulated certain employees' regular rates to create the appearance of paying an overtime premium but in reality, paid them the same rate for all hours. They did so by reducing certain employees' regular rates, but only in workweeks in which those certain employees worked in excess of forty hours per workweek. Defendants also simply paid certain other employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

14. For example, due to their practice of lowering employees' regular rates in overtime workweeks and paying employees straight time for overtime, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a)(6), (8), (9).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Section 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211(c), and 215(a)(2), (5); and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in Exhibit 1 for the period from at least March 17, 2017, through at least March 12, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit 1 for violations continuing after March 12, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit 1; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interested computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

                              Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

*/s/ Rina R. Russo*
Rina Russo (0087761)
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
(216) 522-2447
*Russo.Rina.R@dol.gov*

*Attorney for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, the foregoing document was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Rina R. Russo*
RINA R. RUSSO
Trial Attorney