# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br>v.<br><br>AMERICARE HEALTHCARE SERVICES,<br>INC., and DILLI ADHIKARI,<br><br>    Defendants. | Civil Action No. 2:21-cv-05076-EAS-KAJ<br><br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Kimberly A. Jolson<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S STIPULATED AMENDED COMPLAINT

Through their undersigned counsel, Defendants Americare Healthcare Services, Inc. ("Americare") and Dilli Adhikari ("Adhikari") (collectively, "Defendants") submit the following Answer and Affirmative Defenses to Plaintiff's Stipulated Amended Complaint ("Complaint"):

The allegations made in Plaintiff's unnumbered opening paragraphs, with the exception of the correct identification of Americare, constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny that they individually or collectively violated any section of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"). Defendants deny that they individually or collectively failed to pay any legally owed wages. Accordingly, Defendants deny that Plaintiff is entitled to any relief.

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent that a response may be required, it is admitted that this Court has jurisdiction over Plaintiff's asserted claims. However, Defendants deny that they individually or collectively violated the FLSA. Defendants further deny any remaining allegations contained in Paragraph 1.

2. The allegations in Paragraph 2 constitute legal conclusions to which no response is required. To the extent that a response may be required, it is admitted that this Court is a proper venue for Plaintiff's asserted claims. Defendants, however, deny those claims and any other allegations contained in Paragraph 2.

3. It is admitted that Americare is a corporation with its headquarters, at the time Plaintiff's Complaint was filed, located at 1279 East Dublin-Granville Road, Columbus, Ohio 43229. Since that time, however, Americare's headquarters have moved to 1010 Jackson Hole Drive, Suite 200, Blacklick, Ohio 43004. Defendants further admit that Americare is engaged in a domestic homecare business operating within this Court's jurisdiction. Defendants deny any remaining allegations contained in Paragraph 3.

4. It is admitted that Adhikari is Americare's Chief Executive Officer and owner. The remaining allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants admit that the direct care workers or caregivers at issue in this matter provide in-home care services to qualified care recipients within Ohio. Defendants deny that these workers are "employees" as well as all other remaining allegations contained in Paragraph 6.

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants admit that Americare's gross revenue exceeds $500,000. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 are so general that it is not possible to respond to it. Specifically, there is no indication of who the "[alleged] employees" may be. However, Defendants admit that some individuals may have worked more than forty hours in a workweek but deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 are so general that it is not possible to respond to it. Specifically, there is no indication of who these "many" or "[alleged] employees" may be or what workweeks are at issue. Moreover, the allegations in Paragraph 10 include legal conclusions to which no response is required. To the extent that a response to the allegations may be required, Defendants admit that they facilitated reimbursement payments to some individuals at hourly rates. Defendants further admit that they paid some individuals at those hourly rates for all hours worked in some workweeks. Defendants, however, deny that these or any other payments violated the FLSA. Defendants also deny any other allegations contained in Paragraph 10.

11. The allegations in Paragraph 11 are so general that it is not possible to respond to it. Specifically, there is no indication of who these "certain [alleged] employees" may be or what workweeks are at issue. The allegations in Paragraph 11 include legal conclusions to which no response is required. To the extent that a response to the allegations may be required, Defendants

admit that they reduced some individuals' hourly rates for reimbursement payments in certain workweeks. Defendants, however, deny that the rate reductions violated the FLSA, as courts and the Department of Labor have recognized in other lawsuits that rate reductions are permissible under the Act. Even if Defendants were employers and these unspecified workers were employees under the FLSA (they are not), the rate reductions also would not have violated the FLSA because the referenced individuals are exempt from the FLSA's overtime requirements pursuant to one or more of the Act's overtime exemptions, including the companionship (29 U.S.C. § 213(a)(15)) and live-in (29 U.S.C. § 213(b)(21)) exemptions. Defendants deny any other allegations contained in Paragraph 11.

      12.      The allegations in Paragraph 12 are so general that it is not possible to respond to it. Specifically, there is no indication of who these "certain [alleged] employees" may be or what workweeks are at issue. The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 12 of the Complaint. Defendants did not know or recklessly disregard any obligations under the FLSA. Further, even if the FLSA applied, Defendants' pay practices were also permissible under that statute, as courts and the Department of Labor have recognized in other lawsuits that a worker's rate of pay may be permissibly reduced under the Act. Additionally, Defendants' pay practices did not violate the FLSA because the workers at issue in this matter are exempt from the FLSA's overtime requirements pursuant to one or more of the Act's exemptions, including the companionship (29 U.S.C. § 213(a)(15)) and live-in (29 U.S.C. § 213(b)(21)) exemptions.

4

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.  The FLSA does not apply to the work at issue in this case. And while it may be Plaintiff's position that the alleged rate reductions violated the FLSA and resulted in Defendants' failure to maintain accurate payroll records, such alleged rate reductions were permissible under the FLSA and in accordance with the Act's overtime exemptions and court decisions and the Department of Labor's position in other lawsuits. Accordingly, Defendants deny that they failed to make, keep, and preserve adequate and accurate records of the workers at issue in this matter.

The allegations in Plaintiff's "WHEREFORE" clause constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny that Plaintiff is entitled to relief of any kind. Accordingly, Defendants respectfully request that the Court deny Plaintiff's requested relief.

**AFFIRMATIVE DEFENSES**

Defendants state the following affirmative defenses to Plaintiff's Complaint. By asserting these defenses, Defendants do not concede that they have the burden of proof as to any defense. Any allegations contained in the Complaint that Defendants did not specifically admit are expressly denied. To the extent that any asserted defenses or legal theories may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Without waiving these qualifications, Defendants state as follows:

5

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The alleged injuries of the individuals for whom Plaintiff seeks relief are the result of the acts or omissions of entities or individuals other than Defendants.

## THIRD AFFIRMATIVE DEFENSE

3. Defendants paid the individuals identified in Exhibit 1 attached to the Complaint and all direct care workers in compliance with the statutory requirements of the FLSA and all available exemptions and exceptions.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims fail because the individuals for whom back wages are sought are exempt under 29 U.S. Code § 213(a)(15) and/or 29 U.S. Code § 213(b)(21).

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims fail, in whole or in part, because the individuals for whom relief is sought have been paid all amounts Defendants legally owed to them.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with compensation were done in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations under the FLSA. Plaintiff is unable to make a showing of willful conduct by Defendants that would allow Plaintiff's claims to reach beyond the FLSA's applicable two-year statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims for liquidated damages must fail as Defendants at all times acted in good faith to comply with the law and with reasonable grounds to believe that their actions did not violate the FLSA. Plaintiff cannot show that Defendants acted with malice or reckless indifference to the rights of Plaintiff or the individuals for whom Plaintiff seeks or may seek relief.

**NINTH AFFIRMATIVE DEFENSE**

9. Neither Defendant is an employer under the FLSA of the workers at issue in this case, including the individuals identified in the Schedule A attached to Plaintiff's Complaint.

**TENTH AFFIRMATIVE DEFENSE**

10. This lawsuit is premised on an illegal and invalid regulation, 29 C.F.R. 552.109, effective January 1, 2015, that purports to eliminate the companionship (29 U.S.C. § 213(a)(15)) and live-in (29 U.S.C. § 213(b)(21)) exemptions of the FLSA for so-called "third-party employers." This regulation, the findings upon which it is based, and the legal interpretations embodied in it are unlawful and unenforceable because they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and "without observance of procedure required by law" in violation of the Administrative Procedure Act, 5 U.S.C. §§702 & 706 ("APA"). The principle of narrow interpretation relied upon by

7

the Labor Department in promulgating 29 C.F.R. 552.109 has been rejected by the Supreme Court and is unreasonable. It is therefore not entitled to any deference.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred by waiver, release, estoppel, unclean hands, and/or laches by those on whose behalf back wages are sought.

## DEMAND FOR TRIAL BY JURY

12. Defendants demand a trial by jury on all counts triable to a jury.

## RESERVATION OF RIGHTS

13. Defendants reserve the right to assert any affirmative or additional defenses they discover during the course of this litigation and pray that the Court afford them leave to amend their response to Plaintiff's Complaint upon a timely motion requesting the ability to amend the response.

## PRAYER FOR RELIEF

WHEREFORE Defendants respectfully request judgment dismissing Plaintiff's Complaint and granting Defendants any such other relief as the Court deems just and proper.

Dated: March 30, 2023

Respectfully submitted,
*/s/* Michael E. Hooper
Michael E. Hooper (0073188)
Trial Attorney
Bruce C. Fox (*admitted pro hac vice*)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
(412) 566-1500 (Phone)
(412) 281-1530 (Fax)
michael.hooper@obermayer.com
bruce.fox@obermayer.com

*Counsel for Defendants Americare Healthcare Services, Inc. and Dilli Adhikari*

8

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Stipulated Amended Complaint was served upon the following by electronic mail on March 30, 2023:

Rina R. Russo, Esq.
russo.rina.r@dol.gov

Stephen M. Pincus
pincus.stephen.m@dol.gov

Respectfully submitted,

*/s/ Michael E. Hooper*
Michael E. Hooper (0073188)

Trial Attorney