# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**

       **Plaintiff,**

v.

**AMERICARE HEALTHCARE SERVICES, INC.,** *et al*,

       **Defendants.**

Case No. 2:21-CV-5076
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly Jolson

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Stay (ECF No. 37), Plaintiff's Memorandum in Opposition (ECF No. 38), and Defendants' Reply (ECF No. 39). For the reasons set forth above, the Court **DENIES** Defendants' Motion.

### I.

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, filed this action against Defendants Americare Healthcare Services, Inc. ("Americare") and Dilli Adhikari, the owner of Americare. The Secretary alleges in his Amended Complaint that Defendants operate a domestic homecare business and that they willfully failed to pay overtime premium pay to their employees employed as direct care workers ("DCWs") or caregivers in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5). (Am. Compl., ECF No. 8.) The Amended Complaint further alleges Defendants violated the FLSA overtime provisions by paying DCWs at straight regular rates for overtime hours worked and manipulating employees' hourly rates by reducing such rates in workweeks in which DCWs worked

overtime such that the DCWs always received the equivalent of their typical straight hourly rates instead of a bona fide overtime premium rate.

In addition to the allegations regarding the overtime provisions, Plaintiff also alleges that Defendants violated the recordkeeping provisions of the FLSA. Specifically, Plaintiff avers that Defendants failed to make, keep, and preserve accurate records of employees' regular hourly rates of pay, total weekly straight-time earnings, and total weekly overtime premium pay. Finally, Plaintiff alleges that the violations were willful.

Defendant moved for dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 14), which this Court denied (ECF No. 41). Defendant has now moved for a stay of this action "pending resolution of a previously filed pre-enforcement challenge." (ECF No. 37.) That motion is ripe for review. (ECF Nos. 38, 39.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Hubbell v. NCR Corp.*, No. 2:17-CV-807, 2018 WL 1638882, at *1 (S.D. Ohio Apr. 5, 2018) (citing

*Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). When determining whether to issue a stay, a district court must exercise judgment by "weigh[ing] competing interests" and determining whether the moving party can "make out a clear case of hardship or inequity in being required to go forward" before another litigation "settles the rule of law." *Landis*, 299 U.S. at 255. The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

Americare also contends that the first-to-file rule supports a stay here. "The first-to-file rule stems from the principle that '[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.'" *Monolithic Power Sys. v. Baseus Access. LLC*, No. 2:21-cv-5756, 2022 U.S. Dist. LEXIS 131169, at *11-12 (S.D. Ohio July 22, 2022) (quoting *P&G Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2012 U.S. Dist. LEXIS 167208, at *4 (S.D. Ohio Nov. 26, 2012)

**III.**

On October 9, 2020, Defendant Americare filed a facial challenge of the 2013 Rule under the Administrative Procedure Act ("APA") in the United States District Court for the Western District of Pennsylvania ("Americare Challenge"). In that case, the Western District of Pennsylvania dismissed Americare's suit under Fed. R. Civ. P. 12(b)(6), holding Americare's challenge to the legislative regulations was barred by the statute of limitations. *Intra-National Home Care, LLC, et al. v. U.S. Department of Labor*, Civil Action Nos. 20-1545, 20-1773, 2022 WL 2829828, at *6 (W.D. Pa. July 20, 2022). Americare appealed this decision to the Third Circuit Court of Appeals, where the case is pending.

Americare asks this Court to stay his case pending the outcome of the case before the Third Circuit, arguing the following:

> [The] Department of Labor ("DOL") Fair Labor Standards Act ("FLSA") enforcement action pending resolution of the first-filed *pre*-enforcement

> action brought by Americare and two other home-care providers against a 2013 Department of Labor rule, 29 C.F.R. 552.109 ("2013 Rule"). That case, *Intra-National Home Care et al. v. Department of Labor, et al.,* No. 2:20-cv-01545 (W.D. Pa.) ("Pre-enforcement Challenge"), is currently on appeal to the Third Circuit regarding whether the Pre-Enforcement Challenge claims are timely.
>
> In the event that the dismissal in the Pre-enforcement Challenge is reversed, further proceedings in the pre-enforcement action will resolve the legality of the 2013 Rule, which is the basis for all of the thousands of overtime claims that the Government is pursuing here.

(Def.'s Mot. at 1, ECF No. 37.)

Plaintiff opposes the stay, asserting that the Pre-enforcement Challenge would not resolve the issues before this Court because the merits differ, and even if it would the legality of the 2013 Rule is established. Plaintiff argues under the five factors this Court generally considers in its analysis of whether grant a request to stay a case all weigh in favor of denying Defendant's request.

A.    **The Need for a Stay**

Defendant asserts that this factor weighs in favor of a stay the Third Circuit already has the case, which limits the duration of the stay. It posits that "[t]he mere possibility that a substantial amount of the court's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action." (Def's Mot at 7, ECF No. 37) (citing *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 57 (E.D. Pa. 1980)). This Court disagrees.

First, a ruling from the Third Circuit is not binding on this Court. Further, third party employers of home care workers and trade associations of such employers have filed challenges to the 2013 Rule and have lost those challenges each time. Indeed, a facial challenge to the 2013 rulemaking that included 29 C.F.R. § 552.109 filed shortly after that rulemaking was promulgated resulted in the D.C. Circuit finding the regulation valid. *See Home Care Ass'n of Am. v. Weil*, 799

4

F.3d 1084 (D.C. Cir. 2015). The United States District Court for the Western District of Pennsylvania rejected another challenge to 29 C.F.R. § 552.109 in *Walsh v. Ideal Homecare Agency, LLC et al.*, 2021 WL 4437483, at *3-5 (W.D. Pa. Sept. 28, 2021).

Second, as Plaintiff notes, while the Americare Challenge was pending in the Western District of Pennsylvania, Americare's co-plaintiff Intra-National Home Care, LLC ("Intra-National") filed a motion to consolidate that case with the Department of Labor enforcement action against Intra-National, *Walsh v. Intra-National Home Care, LLC, et al.*, W.D. Pa. Case No. 2:21-cv-1391. In that motion, Intra-National argued many of the same arguments raised in this Motion to Stay – that there are common issues of law (the validity and applicability of the 2013 Rule) and that the "first-to-file" rule would support consolidation. *See Intra-National Home Care, LLC, et al. v. U.S. Department of Labor*, W.D. Pa. Case Nos. 20-1545, 20-1773, at ECF No. 60. The Western District of Pennsylvania denied Americare's and Intra-National's motion to consolidate. *Intra-National Home Care, LLC, et al. v. U.S. Department of Labor*, Civil Action Nos. 20-1545, 20-1773, 2022 WL 1062297, at *3 (W.D. Pa. July 20, 2022), which informs this Court's analysis.

Third, this Court has adjudicated several FLSA cases where the 2013 Rule was implicated. *See, e.g., Weaver v. Brown County Senior Citizen Council*, Case No. 1:22-cv-70, 2022 WL 2915610, at *1, *3 (S.D. Ohio July 25, 2022) (granting motion for conditional class certification in third-party employer home care case and noting the settled law that "home health aides are non-exempt employees entitled to the Act's minimum wage and overtime protections"); *Rembert v. A Plus Home Health Care Agency LLC*, Case No. 2:17-cv-287, 2018 WL 2015844, at *3 (S.D. Ohio May 1, 2018) (granting motion for conditional class certification in third-party employer home care case and finding that the 2013 Rule went into effect on January 1, 2015); *Jasper v. Home Health Connection, Inc.*, Case No. 1:26-cv-125, 2016 WL 3102226, at *5 (S.D. Ohio June 1, 2016) (granting motion for conditional class certification in third-party employer home care case).

Accordingly, this factor weighs heavily in favor of denying a stay.

B.     **Stage of the Litigation**

This case has already had motions to dismiss decided, the parties are in the midst of discovery, and dispositive motion practice is forthcoming.

The Americare Challenge has already been decided in the district court – a decision that was adverse to Americare, and is before the Third Circuit. If Americare is successful in the Third Circuit, the case will be remanded to the district court for adjudication on the merits, which could take years, including a second appeal and potentially a petition for a *writ of certiorari* to the United States Supreme Court.

Consequently, this factor weighs in favor of denying the Motion.

C.    **Prejudice to the Non-Moving Party**

Americare asserts that "the balance of harms weighs heavily in favor of a stay" because "the cost of defense to the Defendants in the enforcement action will be a significant burden." (Def's Mot. to Stay at 8, ECF No. 37.) Defendant continues:

> Courts have recognized that the burden of litigating overlapping factual and legal issues weighs in favor of granting a stay, especially where the other proceeding may dispose of some or all of those issues. *See, e.g., Eberle v. Wilkinson,* No. 2:03-CV-272, 2008 U.S. Dist. LEXIS 25067 (S.D. Ohio Mar. 28, 2008). This is particularly true here, where the Defendants are facing thousands of overtime claims based on the 2013 Rule. If the legality of that rule is resolved, the remaining issues before the court would become much simpler, especially if the 2013 Rule is set aside, as it would significantly narrow the scope of the litigation. It is more efficient to address those legal issues before proceeding with the enforcement action.

Id. Defendant's arguments are not well taken.

First, the Court notes that the analysis is prejudice to the non-moving party, Plaintiff, not to the movant. Even if the Court were to consider the cost to Defendant, the cost to litigate does not constitute prejudice here.

Second, the hardship to Plaintiff and the hundreds of employees for which Plaintiff brings this action is significant. Given the applicable statute of limitations, the oldest violations in this case are over four years old. Employees have been waiting years for their claims to be litigated.

This factor weighs against a stay.

**D.        Simplification of the Issues**

Defendant maintains that "a stay will 'simplify the issues and promote judicial economy.'" (Def's Mot. to Stay at 7, ECF No. 37.) It continues, positing that "[t]he validity of the 2013 Rule underlies the thousands of overtime claims the government is pursuing here. This question also lies at the heart the Pre-enforcement Challenge, and . . . . substantial time, effort, and resources could be saved if the Court holds this case in abeyance until a final resolution of [the Americare Challenge]." *Id*.

Plaintiff disagrees, arguing that "a stay will not simplify the issues in this case and, therefore, would not promote judicial economy. The 2013 Rule is settled law which has been applied in this Court numerous times. Therefore, the straightforward application of the 2013 Rule to the facts of this case can occur now." (Pl. Mem. in Opp. at 7, ECF No. 38.) This Court agrees.

As Plaintiff explains in his response memorandum, the Third Circuit Court of Appeals is only addressing whether the district court properly dismissed the Americare Challenge on statute of limitations grounds. Even if successful there, the case will be remanded to the district court for adjudication on the merits. Given that in *Ideal*, the Western District of Pennsylvania adjudicated the merits of the issue and upheld the 2013 Rule in a well-reasoned opinion, it is unlikely that a merits decision in the Americare Challenge would reflect a different conclusion. Irrespective of the ruling in the Americare Challenge, Defendants would still have to convince this Court that the 2013 Rule is invalid (which is not currently the law in any jurisdiction).

7

Therefore, any ruling in the Americare Challenge would not simplify the issues in this case, causing this factor to weigh in favor of a denial of the stay request.

E. **The Burden of Litigation for Both the Parties and the Court**

Defendants maintain that "it would be more logical to first litigate the legality of the Rule and then move on to liability." (ECF No. 37, at 8). This Court disagrees.

As Plaintiff correctly reiterates, the 2013 Rule has been upheld multiple times and, indeed, this Court has enforced the 2013 Rule several times. *See, e.g., Weaver*, 2022 WL 2915610, at *1, *3; *Rembert*, 2018 WL 2015844, at *3; *Jasper*, 2016 WL 3102226, at *5. Further, even if Defendants win the Americare Challenge in the Western District of Pennsylvania, Defendants will still need to convince this Court that the 2013 Rule is invalid.

Moreover, there are differences in the merits of what is before the Third Circuit and this Court. That is, if the Third Circuit were to invalidate the 2013 Rule, that ruling would not be dispositive of this case. The Americare Challenge contests only the regulatory provision that states that third-party agencies (as opposed to individuals or families who employ home care workers directly) cannot claim the companionship services or live-in domestic service employee exemptions from FLSA requirements. *See* 29 C.F.R. § 552.109. But even if Defendants were allowed to claim the companionship exemption, they would still have to meet the statutory "duties test" that requires that employees primarily be providing "companionship services." 29 U.S.C § 213(a)(15); *see Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991) (employer asserting FLSA exemption has the burden of proving that the exemption applies). The Americare Challenge does not challenge the regulation's definition of those duties.

Finally, this case is an enforcement action seeking to hold Defendants liable for violating the overtime provisions of the FLSA. The Americare Challenge only touches upon the legitimacy of a single affirmative defense that may be raised by Defendants, an affirmative defense they will still

8

have to meet the burden of proving in the present case even if the Western District of Pennsylvania deems the 2013 Rule invalid. Therefore, regardless of what happens in the Americare Challenge, the burden of litigation in this case will remain the same.

Accordingly, this factor too also weighs against the entry of a stay.

### IV.

For the reasons set forth above, the Court **DENIES** Defendant's Motion to Stay (ECF No. 37.) This Case **REMAINS OPEN** on this Court's docket.

**IT IS SO ORDERED.**

**7/28/2023**                                            s/Edmund A. Sargus, Jr.
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**