**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICARE HEALTHCARE SERVICES, INC.<br>and DILLI ADHIKARI,<br><br>    Defendants. | : Civil Action No. 2:21-cv-05076-EAS-KAJ<br>:<br>:<br>:<br>: Judge Edmund A. Sargus, Jr.<br>:<br>:<br>: Magistrate Judge Kimberly A. Jolson<br>:<br>:<br>:<br>: |

## PLAINTIFF'S MOTION TO ADMIT DEPOSITION TESTIMONY OF JOHN LINKOSKY

Pursuant to Fed. R. Civ. P. 32 and Fed. R. Evid. 804, Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or "Acting Secretary") moves for an Order allowing her to admit the deposition of Attorney John Linkosky ("Attorney Linkosky") (taken in the pending enforcement action against Intra-National Home Care, LLC and Dilli Adhikari, Case No. 2:21-cv-1391) into evidence at trial.[1] A true and accurate copy of the subject deposition transcript is attached hereto as Exhibit 1. Attorney Linkosky is unavailable to testify, both because he is more than 100 miles from the place of trial and he is of advanced age. Attorney Linkosky has knowledge relevant to the state of mind of Defendants Americare Healthcare Services, Inc. ("Americare") and Dilli Adhikari ("Adhikari") (together, "Defendants") at the time of the Fair Labor Standards Act (FLSA) violations at issue – which speaks both to the willfulness of the violations and the unviability Defendants good faith affirmative defense with respect to

---

[1] Undersigned counsel contacted Defendants' counsel to obtain their position on this Motion. Defendants' counsel indicated that they would oppose the Motion.

liquidated damages. As such, it is imperative the Court and jury have the opportunity to hear Attorney Linkosky's testimony regarding the legal advice he provided Defendants.

## I.      BACKGROUND

Throughout this litigation, Defendants Americare Healthcare Services, Inc. ("Americare") and Dilli Adhikari ("Adhikari") (together, "Defendants") have asserted they received legal advice from Attorney Linkosky that they claim is relevant to a good faith defense to their violations of the Fair Labor Standards Act (FLSA).   (*See* Ex. 2, Defendants Answers and Objections to Plaintiff's First Set of Interrogatories; ECF 85, PAGEID 26354-56).  Therefore, it is anticipated they will continue to claim the same during trial. Linkosky, however, has offered sworn testimony, in the form of a declaration filed in the present case and testimony offered in a different, related enforcement action pending in the Western District of Pennsylvania, that directly contradicts Defendants' good faith affirmative defense. His testimony is unquestionably relevant to these proceedings and is key in the Court making an informed decision regarding Plaintiff's entitlement to liquidated damages.[2]  Linkosky's testimony also speaks directly to Defendants' state of mind at the time they violated the FLSA and, as such, is highly relevant to the jury's determination as to whether Defendants willfully violated the Act.[3]

As mentioned above, the Acting Secretary has another enforcement action pending in the United States District Court, Western District of Pennsylvania against Adhikari and Intra-National Home Care, LLC (Case No. 2:21-cv-1391). Intra-National Home Care, LLC, like Americare, is

---

[2] Liquidated damages are within the sole purview of the Court. *See Martin v. Indiana Michigan Power Co.,* 381 F.3d 574, 584 (6th Cir. 2004) ("[C]ongress has provided the courts with some discretion to limit or deny liquidated damages.").

[3] The Acting Secretary has provided a detailed explanation of the scope of Linkosky's knowledge and testimony in her Motion for Summary Judgment (ECF No. 78-1, PAGEID 25471-74).  As is evident from that Motion, Linkosky has relevant knowledge that is undoubtedly significant to the present case.

solely owned by Adhikari and provides home care services.  Intra-National Home Care, LLC, however, provides such services in Pennsylvania, while Americare provides home care services in Ohio.  The FLSA violations in the Western District of Pennsylvania case are the same as those in this case – they both involve overtime violations resulting from the employers paying straight time for overtime and from the employers manipulating employees' regular rates to avoid paying time and a half for overtime hours worked.  Linkosky's March 22, 2023 deposition testimony in the Western District of Pennsylvania case addressed advice he provided to Adhikari for the compensation practices of both Intra-National Home Care, LLC, and Americare. Notably, counsel who represents Defendants in the current action, represents Intra-National Home Care, LLC and Adhikari in the Western District of Pennsylvania matter.  In the Intra-National Home Care, LLC action, the Acting Secretary was able to depose Linkosky before his health issues prevented him from sitting for deposition.  Counsel for Defendants in this action were present at the deposition of Linkosky, were able to (and, in fact, did) question Linkosky at this deposition and to represent Defendants' interests.

When undersigned counsel sought the deposition of Linkosky in this action, Linkosky provided an opinion from a medical provider that he was not medically able to sit for a deposition. (*See* Exhibit 3, Doctor's Note).  As a result, undersigned counsel obtained a declaration from Linkosky, which was submitted with the Acting Secretary's summary judgment motion.  (ECF # 72-1).  Linkosky resides and works in the Carnegie, Pennsylvania area, over 100 miles from this Court.  (*Id*.).  Linkosky is also of advanced age – he is in his 80s.  Undersigned counsel contacted Linkosky to procure his testimony at trial, but he refused.

## II.    LAW AND ARGUMENT

Rule 32 of the Federal Rules of Civil Procedure governs whether a party may enter into evidence deposition testimony from another proceeding. Fed. R. Civ. P. 32 provides, in relevant part:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). Rule 32(a)(4) allows use of the deposition testimony if the witness, including a non-party witness, is unavailable for trial. A witness is considered "unavailable" if "the witness is more than 100 miles from the place of hearing or trial . . ." Fed. R. Civ. P. 32(a)(4)(B). A witness also is considered unavailable when "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. 32(a)(4)(C). Rule 32(a)(8) provides that:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. ***A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.***

Fed. R. Civ. P. 32(a)(8) (emphasis added).

Here, the Acting Secretary can satisfy the first element of Fed. R. Civ. P. 32(a)(1) as the party was present or represented at the March 22, 2023, Linkosky deposition. The Acting Secretary took the deposition of John Linkosky in the related enforcement action pending against Adhikari and Intra-National Home Care, LLC, in the United States District Court, Western District of Pennsylvania, Case No. 2:21-cv-1391. In that case, Adhikari and Intra-National Home Care, LLC were represented by the same counsel that represent Adhikari and Americare in this case – Bruce

Fox. Mr. Fox was present at that deposition. Adhikari testified in the instant case that when he consulted with John Linkosky, he did so on behalf of both Americare and Intra-National Home Care, LLC. (*See* ECF 64-1, PAGEID 390, ln. 11-14). The Acting Secretary's claims against Americare and Intra-National Home Care, LLC are the same – that each company and their owner Adhikari willfully violated the FLSA by effectively paying their home health aide employees straight time for overtime. Indeed, in *United States v. Atlas Lederer Company*, Case No. 3:91-cv-309, 2012 WL 13226237, *3 (S.D. Ohio Jan. 10, 2012), the court found that even though the objecting party was not represented or given notice of the deposition at issue, that the objecting party's interests were adequately represented at the deposition by counsel for the objecting party's company, and allowed use of the deposition as substance evidence at trial. As such, Adhikari was represented at the Linkosky deposition and both his interests and those of Americare were adequately represented at said deposition.

As to the second and third elements, Linkosky's deposition testimony is admissible under the Federal Rules of Evidence and is allowed by Rule 32(a)(2) through (8). Specifically, as in *Atlas Lederer*, the deposition testimony is allowed because Linkosky is unavailable for trial, here, due to him being more than 100 miles from the place of the trial. Fed. R. Civ. P. 32(a)(4)(B). The Linkosky deposition is also admissible generally under the Federal Rules of Evidence, specifically Fed. R. Evid. 804(a)(5)(A). Here, Plaintiff has been unable to obtain Linkosky's voluntary attendance at trial, and the Court does not have subpoena power over Linkosky due to his location over 100 miles from the trial location. Finally, the Linkosky deposition meets the requirements of Rule 32(a)(8), as the deposition "may also be used as allowed by the Federal Rules of Evidence" as discussed above. *See Pinkney v. Winn-Dixie Stores, Inc.*, No. CV214-075, 2014 WL 7272551, *2 (S.D. Ga. Dec. 17, 2014) (finding that deposition testimony from another case is admissible

where "allowed by the Federal Rules of Evidence" without regard to whether the action involved the same subject matter between the same parties).

In further support of this Motion, the Acting Secretary submits that several courts (including this Court) have allowed the admission of non-party deposition testimony into evidence at trial under similar circumstances. *See Shanklin v. Norfolk Southern Ry. Co.*, 369 F.3d 978 (6th Cir. 2004) (affirming decision of trial court to admit deposition testimony from other case into evidence); *Abernathy v. Corinthian Colleges, Inc.*, No. 2:10-cv-131, 2013 WL 28251, *10 (S.D. Ohio Jan. 2, 2013) (applying Fed. R. Civ. P. 32 and allowing admission at trial of non-party's deposition testimony in prior action where offering party could not obtain the witness' attendance by subpoena); *Pinkney*, 2014 WL 7272551, at *2 (allowing deposition testimony from different case into evidence). Moreover, courts of appeals have reversed district court decisions denying admission of deposition testimony where Fed. R. Civ. P. 32 would have allowed admission. *See, e.g., Rule v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, Local Union No. 396*, 568 F.2d 558, 569 (8th Cir. 1977) ("[W]e conclude that the District Court erred in excluding the depositions . . .").

## III.    CONCLUSION

For the foregoing reasons, the Acting Secretary respectfully requests she be permitted to enter the Linkosky deposition into evidence at trial.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Leah A. Williams
Associate Regional Solicitor

*/s/ Rina R. Russo*
RINA R. RUSSO (0087761)
Counsel for Wage & Hour
STEPHEN M. PINCUS
HALEY R. JENKINS
Trial Attorneys
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-2447
(216) 522-3877
(216) 522-7172 (fax)
Russo.Rina.R@dol.gov
Pincus.Stephen.M@dol.gov
Jenkins.Haley.R@dol.gov

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on June 21, 2024, the foregoing document was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


                               */s/ Rina R. Russo*

                               RINA R. RUSSO