**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JULIE A. SU, | : |
| ACTING SECRETARY OF LABOR, | : Civil Action No. 2:21-cv-05076-EAS-KAJ |
| UNITED STATES DEPARTMENT OF LABOR, | : |
| | : |
| Plaintiff, | : Judge Edmund A. Sargus, Jr. |
| | : |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| AMERICARE HEALTHCARE SERVICES, INC. | : |
| and DILLI ADHIKARI, | : |
| | : |
| Defendants. | : |

**THIRD NOTICE OF FILING REVISED EXHIBIT 1 TO STIPULATED AMENDED
COMPLAINT**

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor

("Plaintiff"), hereby files the attached Revised Exhibit 1 to the Stipulated Amended Complaint

(ECF No. 8). Plaintiff files this Revised Exhibit 1 due to recently learning of additional employees

of Defendants who are entitled to unpaid overtime compensation. Throughout discovery, Plaintiff

examined Defendants' updated payroll records through April 14, 2024, and became aware of

additional employees entitled to unpaid overtime compensation. Plaintiff previously filed a Notice

of Filing Revised Exhibit 1 to the Stipulated Amended Complaint on April 29, 2022 (ECF # 22)

and on May 7, 2024 (ECF # 99).

In filing this Notice of Filing Revised Exhibit 1 to Stipulated Amended Complaint, Plaintiff

relies upon Fed. R. Civ. P. 15 and case law that specifically states the Secretary is not required to

seek leave of the Court to file a revised Exhibit 1. *See U.S. Dept. of Labor v. Fire & Safety

Investigation Consulting Services, LLC*, No. 1:17-CV-25, 2018 WL 2065941, at *3 (N.D.W. Va.

May 3, 2018) ("The allegations in the original complaint … were not confined to those employees

specifically listed in Schedule A. … Therefore, there has been no attempt by the DOL to amend

its complaint by filing a Revised Schedule A."); s*ee also Acosta v. Medical Staffing of America, LLC*, No. 2:18-cv-226, 2019 WL 4307867, at * 2 (E.D. Va. Sept. 11, 2019) ("[A]s a general matter, the Secretary should be permitted to submit a Revised Schedule A without amending his complaint.").

The Stipulated Amended Complaint expressly reserves the right to revise Exhibit 1 due to learning of additional affected employees. Specifically, the Stipulated Amended Complaint states:

> Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit 1 for violations continuing after March 12, 2020, and *may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit 1* . . .

(ECF #8, at p. 5) (emphasis added).

In *Fire & Safety*, the Department of Labor ("DOL") filed a revised Schedule A[1] – without moving to amend the complaint – to add employee names that were not listed in the first Schedule A. The employer objected to the revised Schedule A, arguing: "[B]y filing Revised Schedule A, the DOL has essentially amended the complaint after motions for summary judgment have been filed." 2018 WL 2065941, at *3. The Court rejected the employers' objection, concluding, "The allegations in the original complaint, however, were not confined to those employees specifically listed in Schedule A." *Id*.

> In addition to referencing "certain present and former employees listed in the attached Schedule A," the complaint indicated that back wages and liquidated damages may be due for "certain present and former employees presently unknown." ***Therefore, there has been no attempt by the DOL to amend its***

---

[1] The Schedule A in *Fire & Safety*, as well as in *Medical Staffing of America*, was the same as Exhibit 1 attached to the Stipulated Amended Complaint in the present matter. The Schedule A, like Exhibit 1 here, lists the employees owed back wages as a result of the employers' alleged FLSA violations.

2

> ***complaint by filing a Revised Schedule A***, and the Court **OVERRULES** the
> defendants' objection.

*Id*. (emphasis added). Thus, because the allegations in the complaint were unchanged and not limited to employees listed in the attachment to the complaint, adding names to said attachment did not result in an amendment to the complaint. Accordingly, in *Fire & Safety* the DOL was not required to seek leave from the court to revise the Schedule A.

In the present case, Plaintiff's Stipulated Amended Complaint contains language strikingly similar to that highlighted by the *Fire & Safety* court. This language clearly encompasses "current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit 1."  (ECF # 8, at 5). Moreover, the time covered by the Stipulated Amended Complaint includes the period "continuing after March 12, 2020." (*Id*.). Thus, like DOL in *Fire & Safety*, here, Plaintiff is not amending the Stipulated Amended Complaint by adding names to Exhibit 1, because the Stipulated Amended Complaint already accounts for the new employees listed in the Revised Exhibit 1.  As such, Plaintiff filing the Revised Exhibit 1 and linking it to the January 11, 2022 Stipulated Amended Complaint, without seeking leave of the Court under Fed. R. Civ. P. 15, is entirely appropriate. *Medical Staffing of America, LLC*, 2019 WL 4307867, at * 2 ("[T]he addition of employees to a Revised Schedule A [is] a 'purely technical matter.'"), citing *Reich v. Great Lakes Collection Bureau*, 176 F.R.D. 81-85 (W.D.N.Y. June 27, 1997).

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Leah A. Williams

Associate Regional Solicitor

*/s/ Rina R. Russo*
RINA R. RUSSO (0087761)
Counsel for Wage & Hour
STEPHEN M. PINCUS
HALEY R. JENKINS
Trial Attorneys

U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-2447
(216) 522-3877
(216) 522-7172 (fax)
Russo.Rina.R@dol.gov
Pincus.Stephen.M@dol.gov
Jenkins.Haley.R@dol.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2024, the foregoing document was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Rina R. Russo*

RINA R. RUSSO